**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **MESA DIGITAL, LLC,** <br> **Plaintiff,** <br> <br> v. <br> <br> **GOOGLE LLC,** <br> **Defendant.** | ) <br> ) <br> ) **Civil Action No. 6:22-cv-00574** <br> ) <br> ) <br> ) <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Mesa Digital, LLC files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of 9,031,537 ("the '537 patent") (referred to as the "Patent-in-Suit") by Google LLC ("Defendant" or "Google").

**I.   THE PARTIES**

1. Mesa Digital, LLC is a New Mexico limited liability company with its principal place of business located in Albuquerque, New Mexico.

2. On information and belief, Google LLC is a limited liability company organized and existing under the laws of Delaware with a principal address of 1600 Amphitheatre Parkway, Mountain View, California 94043 and has regular and established places of business throughout this District, including at least at 500 W. 2nd Street, Suite 2900, Austin, Texas 78701. Defendant is registered to do business in Texas and can be served through its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Serivce Company, located at 211 E. 7th Street, Suite 620, Austin, Texas 78701, at its place of business, or anywhere ese it may be found.

3. On information and belief, Defendant sells and offers to sell products and services throughout Texas, including in this judicial district, introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Texas and this judicial district, and otherwise directs infringing activities to this judicial district in connection with its products and services.

## II.     JURISDICTION AND VENUE

4. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

5. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas and this District.

## III.    INFRINGEMENT

**A. Infringement of the '537 Patent**

7. On May 12, 2015, U.S. Patent No. 9,031,537 ("the '537 patent" (included as an attachment, the contents of which are fully incorporated by reference)) entitled "Electronic wireless hand held multimedia device" was duly and legally issued by the U.S. Patent and Trademark Office. Plaintiff owns the '537 patent by assignment.

8. The '537 patent relates to novel and improved electronic wireless hand held media devices including a microprocessor and more than one wireless transceiver modules enabling wireless communication over a variety of standards, including Cellular (e.g., GSM, CDMA, GPRS, 3G), 802.11 (i.e., WLAN), and short range (e.g., Bluetooth, infrared, RFID), for the retrieval, processing and delivery of multimedia data to/from remote data resources (i.e., Internet, servers).

9. Defendant maintained, operated, manufactured, sold, offered for sale, and imported electronic wireless hand held media devices including a microprocessor and more than one wireless transceiver modules enabling wireless communications over a variety of standards, including Cellular (e.g., GSM, CDMA, GPRS, 3G), 802.11 (e.g., WLAN), and short range (i.g. Bluetooth, infrared, RFID), for the retrieval, processing and delivery of multimedia data to/from remote data resources (i.e., Internet, servers) that infirnged one or more claims of the '537 Patent, including one or more of claims 1-37, literally or under the doctrine of equivalents. Defendants put the inventions claimed by the '537 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

10. Support for the allegations of infringement may be found in the following exemplary table included as Exhibit A.  These allegations of infringement are preliminary and are therefore subject to change.

11. Defendant has caused Plaintiff damage by direct infringement of the claims of the '537 patent.[1]

### IV.     JURY DEMAND

Plaintiff hereby requests a trial by jury on issues so triable by right.

### V.      PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a.   enter judgment that Defendant has infringed the claims of the '537 patent;

b.   award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement, in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c.   award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement; and,

d.   award Plaintiff such other and further relief as this Court deems just and proper.

DATED: June 3, 2022                                  Respectfully submitted,

                                                                        **Ramey LLP**

---

[1] Plaintiff reserves the right to amend to add claims for indirect infringement, including inducement and contributory, and/or willful infringement, to the extent fact discovery shows Defendant's pre-expiration knowledge of the patent.



William P. Ramey, III
Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

*Attorneys for Mesa Digital, LLC*